E-FILED
Tuesday, 09 November, 2021  10:09:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TASHIMIA C. TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-04097-SLD-JEH |
| | ) | |
| 7 ELEVEN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

*Pro se* Plaintiff Tashimia C. Teague files suit against her former employer, Defendant 7 Eleven, alleging that Defendant retaliated against her for reporting "discrimination towards a black man" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Compl. 1–4, ECF No. 1.[1] She alleges that after she reported the discrimination, her manager accused her of stealing money, moved her from store to store, did not allow her to finish her daily duties, rushed her through paperwork, had her use another employee's number to get into the safe when she was supposed to use her own number, failed to give her sufficient training, and spoke badly about her to other managers. *See id.* at 4–5. Eventually, Plaintiff was fired. *Id.* at 5. The case comes before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), ECF No. 5, and motion to request counsel, ECF No. 2.

**I.    IFP Motion**

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding. IFP Mot. 1–5. Her motion to proceed IFP, therefore, is GRANTED.

---

[1] Because the complaint is not consistently paginated, the Court uses the CM/ECF generated page numbers.

## II. Motion to Request Counsel

### A. Legal Standard

Under the federal IFP statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2] However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* at 655. In considering whether the difficulty of the case exceeds the plaintiff's capacity to litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as the plaintiff's "intellectual capacity and psychological history." *See id.*

---

[2] Under Title VII, a court may appoint counsel "in such circumstances as [it] may deem just." 42 U.S.C. § 2000e-5(f)(1). It appears Plaintiff is seeking counsel under § 1915(e)(1). *See* Mot. Request Counsel ¶ 1 (declaring that she is "unable to afford the services of an attorney," which mirrors the language of § 1915(e)(1)). Regardless, the Court will briefly address § 2000e-5(f)(1) too. The Seventh Circuit has indicated the court should consider the following when considering whether to appoint counsel under § 2000e-5(f)(1): "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel." *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500–01 (7th Cir. 1986) (quotation marks omitted). But these are only guidelines; the "court may employ whatever procedure it finds most useful to make an informed decision." *Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 578 (7th Cir. 1980), *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981). The Court cannot determine the merits of the claim at this stage of the case and, in any case, finds that for the reasons it declines to recruit counsel under § 1915(e)(1), *see infra* at Section II(B), counsel need not be appointed under § 2000e-5(f)(1).

### B. Analysis

Plaintiff requests that the Court obtain volunteer counsel for her. Mot. Request Counsel ¶ 1. She has not provided any documentation from which the Court could determine she made a reasonable attempt to obtain counsel. The motion is therefore DENIED without prejudice. Should Plaintiff file another motion to request counsel, she must provide documentation—such as email communications or a list of attorneys she has contacted—to establish that she has made a reasonable attempt to obtain an attorney. She should also explain why the difficulty of the case exceeds her capacity to litigate it.

## CONCLUSION

Accordingly, Plaintiff Tashimia C. Teague's motion for leave to proceed in forma pauperis, ECF No. 5, is GRANTED, and her motion to request counsel, ECF No. 2, is DENIED without prejudice. IT IS FURTHER ORDERED that:

1) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions so that Defendant has notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed.

2) The Court will attempt service on Defendant by mailing a request to waive service. If Defendant agrees to waive service, it will have sixty days from the date the request was sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service.

3) Once counsel has appeared for Defendant, Plaintiff need not send copies of her filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's filings electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

4) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

The Clerk is directed to prepare: (1) a notice of lawsuit and request to waive service of summons form for Defendant; (2) two copies of the waiver of the service of summons, one of which is to be signed by Defendant or its counsel and returned to the Court within sixty days; and (3) a copy of the complaint and this order. These items shall be mailed to Defendant at the address shown on the complaint.

Entered this 9th day of November, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE