UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TASHIMIA C. TEAGUE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-04097-SLD-JEH |
| 7 ELEVEN,[1] | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant 7 Eleven's motion to dismiss, ECF No. 17. For the following reasons, the motion is DENIED.

## BACKGROUND

Plaintiff Tashimia C. Teague, proceeding *pro se*, filed a complaint against Defendant 7 Eleven on June 2, 2021, bringing a claim for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e-17, due to actions taken by "district . . . manager [L]ibby," "owner [G]reg," and Amy, another district manager. Compl. 2, 4–5, ECF No. 1.[2] She lists 7 Eleven's address as 2702 Avenue of the Cities, Moline, IL 61265. *Id*. at 1. She also requested leave to proceed in forma pauperis ("IFP"). IFP Application, ECF No. 5. On November 9, 2021, the Court granted Defendant's motion to proceed IFP and directed the Clerk to send a request to waive service of summons to 7 Eleven at the address shown on the complaint. Nov. 9, 2021 Order 1, 4, ECF No. 6.

---

[1] Defendant 7 Eleven spells its name as "7-Eleven." *See* Mot. Dismiss 1, ECF No. 17. The Court adopts the spelling Plaintiff Tashimia C. Teague uses in her complaint. *See* Compl. 1, ECF No. 1.
[2] Because the complaint is not consistently paginated, the Court uses the page numbers generated by CM/ECF.

On November 19, 2021, the Court received a letter from Timothy Feeney, an "attorney that represents a party that operates a business at 2702 Avenue of the Cities, Moline, IL 61265." First Feeney Letter, ECF No. 8. Feeney specified that his client was not the entity "7-Eleven," and, as such, he could not accept service on behalf of 7 Eleven. *Id*. The letter showed that a copy had been sent to a person named Greg Evans. *Id*. The Court accordingly instructed Plaintiff to "provide the name and address of an officer, managing or general agent, or an agent authorized to receive service of process for . . . 7-Eleven." Nov. 24, 2021 Text Order. Plaintiff responded with the name "Greg Evan" and informed the Court that he could be reached at 2702 Avenue of the Cities, Moline, IL 61265. Resp. 1, ECF No. 9. The Court directed that "Greg Evan" be sent a request for waiver of service of summons at that address. Dec. 15, 2021 Text Order. When no waiver was returned, the Court ordered service by the U.S. Marshal and extended the service deadline. Apr. 19, 2022 Text Order.

The Court received another letter from Attorney Feeney on May 9, 2022, in which he stated that "a document was given to someone by the marshal service at the [2702 Avenue of the Cities] address" but that the business at that address was not 7 Eleven and the person served was not authorized to accept service on behalf of 7 Eleven. Second Feeney Letter, ECF No. 12. He provided the address of 7 Eleven's registered agent, *id.*, and the Court directed service of 7 Eleven at that address, May 18, 2022 Text Order. 7 Eleven was served on June 6, 2022, Summons Returned Executed, ECF No. 15, and filed the instant motion on June 27, 2022.

# DISCUSSION

## I. Motion to Dismiss

### a. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts will also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding on a motion to dismiss, the court must take "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, . . . [as] true," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013), and "draw all inferences in the light most favorable to the nonmoving party," *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### b. Analysis

In its motion to dismiss, 7 Eleven asserts that the complaint against it must be dismissed because it "was not Plaintiff's employer for purposes of Title VII." Mem. Supp. Mot. Dismiss 1, ECF No. 18. Rather, 7 Eleven is merely the franchisor of the stores at which Plaintiff worked,

and Plaintiff has not alleged that 7 Eleven "was involved in the discriminatory acts . . . against Plaintiff." *See id.* It requests that the Court take judicial notice of a decision issued by the Illinois Department of Human Rights ("IDHR") dismissing a charge against 7 Eleven based on the same or similar allegations because 7 Eleven was not Plaintiff's employer during the relevant time period. *Id.* at 2–3 & n.1 (citing IDHR Report, Mem. Supp. Mot. Dismiss Ex. A, ECF No. 18-1). The IDHR determined that it lacked jurisdiction over the charge, finding that Plaintiff's actual employer was Quad Cities Retail Group LLC ("Quad Cities"), a company owned by a Gregory Evans. *See* IDHR Report 2.

Title VII prevents employers from "discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The starting point of any Title VII claim is the existence of an employer-employee relationship." *Budzyn v. KFC Corp.*, Case No. 21 C 4152, 2022 WL 952746, at *2 (N.D. Ill. Mar. 30, 2022). Whether an entity is an employer for Title VII purposes is a fact-specific inquiry. Courts in the Seventh Circuit use a five-factor balancing test, looking to "(1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required . . . ; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015) (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991)). A franchisor could, therefore, be considered an employer, although if it exercises little to no control over the employee, it is unlikely to be so found. *See, e.g.*, *Budzyn*, 2022 WL 952746, at *2 (applying this test to determine whether KFC Corp., a franchisor, was liable as an employer for the plaintiff employee's Title VII claim and noting that the "control and supervision" factor is the most important (quotation marks omitted)).

7 Eleven argues that "[t]here are no allegations in the [c]omplaint that suggest [7 Eleven] had any role in hiring or firing Plaintiff or supervising and controlling her," and so it cannot be considered her employer. *See* Mem. Supp. Mot. Dismiss 4.

7 Eleven's characterization of the complaint is not entirely supported. While noting that the complaint does reference the allegedly discriminatory actions of specific individuals—Greg, Libby, and Amy, the "owner" and two district managers, respectively—7 Eleven goes on to state that "[n]one of these allegations concern managers, owners or employees of [7 Eleven]." *See id.* (quotation marks omitted). But nothing in the complaint clarifies that these individuals were not working for 7 Eleven but rather for a 7 Eleven franchise that constitutes a different entity. Plaintiff asserts that she "was employed" by 7 Eleven and that she was "working for [7 Eleven]." Compl. 2, 4. An inference that the managing individuals Plaintiff names did not work for the entity Plaintiff identifies as her employer would not be drawn in the light most favorable to Plaintiff, *see Vesely*, 762 F.3d at 664.[3] Thus, it is simply not possible to conclude, merely by examining the complaint, that 7 Eleven exercised insufficient control or supervision over Plaintiff to be considered an employer.

7 Eleven suggests that the Court can use the doctrine of judicial notice to determine that the complaint names the wrong entity as Plaintiff's employer and therefore fails to state a claim under Title VII. *See* Mem. Supp. Mot. Dismiss 3 n.1, 4–5. Judicial notice is a "narrow exception" to the general rule that if a district court considers matters outside the complaint in evaluating a motion to dismiss, it must convert the motion to one for summary judgment. *See*

---

[3] Nor do the assertions in her response to the motion to dismiss clarify whether she intends to make a distinction between franchisor and franchise. *See* Resp. 2, ECF No. 20 ("I worked at 711, my name tag said 711, and I was hired for 711."); *id*. at 1 ("I don't understand how after almost 1 y[ea]r into this case they decide that Greg Evans owner or part owner has nothing to do with 711."); *see Early v. Bankers Life & Cas. Co*., 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved . . . would entitle him to judgment.").

5

*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, judicial notice "allow[s] courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Gen. Elec. Cap.*, 128 F.3d at 1081.

Here, 7 Eleven asks the Court to take judicial notice of the IDHR decision. Mem. Supp. Mot. Dismiss 3 n.1. Courts frequently use judicial notice to take notice of the contents of court records and the records of administrative bodies. *See, e.g.*, *Martinez v. Universal Laminating, Ltd.*, No. 02 C 4410, 2002 WL 31557621, at *1, *2 (N.D. Ill. Nov. 18, 2002) (taking judicial notice of records from the IDHR and the Equal Employment Opportunity Commission because "the court may take judicial notice of matters of public record, including records of administrative bodies"). However, a court cannot blindly adopt the factual conclusions of these entities: it must first "determin[e] that the facts were undisputed and that the sources relied upon have an accuracy that cannot reasonably be questioned." *Gen. Elec. Cap.*, 128 F.3d at 1076. In practice, this often means that a court will take judicial notice of the fact that another court or administrative body issued a decision but will not accept as true the specific findings within those decisions. *See id.* at 1082 n.6 ("[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed."); *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *9 (N.D. Ill. Mar. 16, 2007) ("Typically, . . . because of the indisputability requirement, the

6

notice of a court order is limited to the purpose of recognizing the judicial act or litigation filing; judicial notice is generally not for the truth of the matters asserted in a court document.").

The IDHR concluded that Quad Cities, not 7 Eleven, was Plaintiff's employer based on (1) an email Evans sent to it stating that Quad Cities employed Plaintiff and that Plaintiff had incorrectly named 7 Eleven as her employer and (2) a payroll summary submitted by Quad Cities showing that Quad Cities was Plaintiff's employer during the relevant period. IDHR Report 2. Neither of these documents was attached to the copy of the IDHR Report presented to the Court. Nor does 7 Eleven provide any other materials from which the Court could corroborate the veracity of the IDHR's finding. Faced only with the IDHR's statements, the Court cannot establish that the IDHR's conclusion that Quad Cities, not 7 Eleven, was Plaintiff's employer "cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Thus, it cannot consider this a fact "that is not subject to reasonable dispute." *See id*. And without the ability to notice 7 Eleven's status as a franchisor rather than a direct employer, the Court does not find that 7 Eleven has shown that the complaint fails to state a claim against it. As such, 7 Eleven's motion to dismiss is denied.

## II.     Summary Judgment Briefing

While the Court cannot find at the motion to dismiss stage that 7 Eleven was not Plaintiff's employer for Title VII purposes, it appears from the information 7 Eleven has provided to the Court that this issue could be resolved by summary judgment. Under Federal Rule of Civil Procedure 56(f)(3), "[a]fter giving notice and a reasonable time to respond, the court may consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." A round of summary judgment briefing may clarify whether 7 Eleven or Quad Cities was Plaintiff's actual employer. To that end, 7 Eleven may

submit a brief, along with any supporting evidence, on whether summary judgment should be granted in 7 Eleven's favor because it was not Plaintiff's employer for purposes of Title VII within twenty-one days of service of this Order.[4] Plaintiff may file a response to that brief within twenty-one days of service of the brief, and 7 Eleven may then file a reply within fourteen days of service of the response.

## CONCLUSION

For the foregoing reasons, Defendant 7 Eleven's motion to dismiss, ECF No. 17, is DENIED. 7 Eleven may submit a brief on whether the Court should grant summary judgment in 7 Eleven's favor because it was not Plaintiff's employer for purposes of Title VII within 21 days of entry of this Order. Plaintiff Tashimia C. Teague may file a response to that brief within twenty-one days of service of the brief, and 7 Eleven may then file a reply within fourteen days of service of the response.

Entered this 16th day of February, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court considers summary judgment here under Rule 56(f)(3), but even if it had converted 7 Eleven's motion to dismiss to a motion for summary judgment under Rule 12(d), it would still have needed to grant both parties "a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d). The Court declines to convert the motion because 7 Eleven does not request this as an alternative to taking judicial notice.