UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TASHIMIA C. TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-04097-SLD-JEH |
| | ) | |
| QUAD CITIES RETAIL, GREG EVANS, | ) | |
| LIBIE, and AMY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

On July 10, 2023, the Court found that the entity Plaintiff Tashimia C. Teague had initially named as Defendant, 7-Eleven, Inc., was entitled to summary judgment as to the claim she brought against it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e-17, because 7-Eleven, Inc. was not Plaintiff's employer for purposes of Title VII.  *See* July 10, 2023 Order 11–12, ECF No. 29.  The Court granted Plaintiff leave to file an amended complaint against her actual employer.  *Id.*  On July 18, 2023, Plaintiff filed an amended complaint against Defendants Quad Cities Retail, Greg Evans, Libie, and Amy.  Am. Compl., ECF No. 30. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), *see* Nov. 9, 2021 Order 1, ECF No. 6, the amended complaint now comes before this Court for merit review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**I.    Legal Standard**

A court must dismiss a complaint brought by an individual proceeding IFP if it determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C.

1

§ 1915(e)(2)(B)(ii).  At merit review, courts "apply the same standard used for evaluating

dismissals under [Federal Rule of Civil Procedure] 12(b)(6)."  *Santiago v. Walls*, 599 F.3d 749,

756 (7th Cir. 2010).  The key inquiry is whether the complaint is "sufficient to provide the

defendant with 'fair notice' of the plaintiff's claim and its basis."  *Indep. Tr. Corp. v. Stewart*

*Info. Servs. Corp*., 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89,

93 (2007)).  While "detailed factual allegations are unnecessary, the complaint must have

'enough facts to state a claim to relief that is plausible on its face.'"  *Pierce v. Zoetis, Inc.*, 818

F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In

reviewing a *pro se* complaint for merit, a court takes all factual allegations as true, liberally

construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649, 651–52 (7th Cir.

2013).  However, conclusory statements and labels are insufficient.  *See id*. at 651–52.

## II.    Analysis

In her amended complaint, Plaintiff names Evans, Libie, and Amy as the "rightful

defendants" and refers to them as "the district [managers] at Quad Cities Retail."  Am. Compl. 1.

She alleges that she was a good employee and that she "came to work faithfully"—at one point

she was promised her own store—but that her employers did not appreciate her efforts.  *Id*. at 2.

Instead, she "got nothing but disrespected, talked down to, lack of training, taking keys back and

forth from [her], accusing [her] of stealing, no evidence, not giving [her her] own [manager]

numbers, continuing write-ups more than training [her], etc. [sic]."  *Id*.  Plaintiff asks that her

suit "continue with the right people responsible for the discrimination, ruining [her] character,

retaliation, etc."  *Id*. at 1.  She states that she "just want[s] this to be a fair trial and for them to

not get away with how they treated [her] for wanting to be a manager there."  *Id*. at 1–2.

The Seventh Circuit has made clear that there is a "minimal pleading standard for simple claims" of discrimination under Title VII.[1]  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).  A plaintiff need only allege that her employer took an adverse employment action or actions against her because of a protected characteristic.  *See id*.  The amended complaint does not clear this low hurdle.  Plaintiff does not say why, or on what basis, she was discriminated against, nor does she connect any discrimination to the poor treatment she allegedly received at the hands of her employers.  Likewise, the amended complaint is vague as to what each Defendant allegedly did beyond serving as district managers of Quad Cities Retail.  Thus, the amended complaint does not provide fair notice to each Defendant of the claim or claims brought against him or her.  *See Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015) ("[T]he complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests.").

While Plaintiff does not explicitly ask the Court to look to the allegations in her original complaint, *see* Compl., ECF No. 1, it is possible she wishes the Court to consider both complaints together.  But "[b]ecause an amended complaint supersedes an original complaint, it must stand on its own."  *Kawczynski v. F.E. Moran Inc*., Case No. 15 C 3099, 2015 WL 6445331, at *1 (N.D. Ill. Oct. 21, 2015) (citing *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014)).  In other words, her amended complaint must adequately set forth her claims and the facts underlying them on its own, without relying on or referring to the content of her previous complaint.  It does not do this, and so the Court must dismiss it under § 1915(e)(2)(B)(ii).  The

---

[1] Although Plaintiff does not specifically identify the claim or claims she intends to bring against Defendants, based on the references to employment and discrimination, the Court presumes she wishes to allege discrimination under Title VII.  *See also* Compl. 2, ECF No. 1 (bringing a Title VII claim).

Court will, however, grant Plaintiff leave to file a second amended complaint to remedy the deficiencies of her amended complaint.

## CONCLUSION

Accordingly, Plaintiff Tashimia C. Teague's amended complaint, ECF No. 30, is DISMISSED.  The Court grants Plaintiff leave to file a second amended complaint by August 29, 2023.  Any such amended complaint must provide fair notice of the claims she brings against each Defendant and the facts underlying each claim.  She must also provide an address at which each Defendant can be served.

Entered this 8th day of August, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE