UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TASHIMIA C. TEAGUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04097-SLD-JEH |
| | ) |
| QUAD CITIES RETAIL, GREG EVANS, | ) |
| LIBIE, and AMY, | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Defendants Quad Cities Retail, Greg Evans, Libie, and Amy's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(1), ECF No. 40. For the following reasons, the motion is DENIED.

**BACKGROUND[1]**

Plaintiff is a former employee of Quad Cities Retail who worked at three different 7-Eleven stores in the Quad Cities over a six-month period. Greg Evans, Amy, and Libie hold supervisory positions within Quad Cities Retail.[2] Evans and Amy promised Plaintiff a managerial position and her own store within six to twelve months of her starting work for Quad Cities Retail. At the first store, however, Plaintiff "was basically a cashier" and received very little managerial work. Second Am. Compl. 1–2, ECF No. 32. Plaintiff "was bounced from store to store" and worked at three stores in total but never received the proper training she was promised. *Id.* at 2. When Plaintiff asked her boss, Heather, questions, Heather directed Plaintiff

---

[1] When reviewing a motion to dismiss, the Court "accept[s] all facts alleged in the complaint as true and draw[s] all reasonable inferences from those facts in favor of the plaintiff." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The factual background is drawn from the Second Amended Complaint, ECF No. 32.
[2] "Libie" is intermittently spelled "Libbie" throughout Plaintiff's pleadings. *See, e.g.*, Second Am. Compl. 1. The Court uses "Libie" for consistency throughout this Order.

1

to Heather's boss, Libie. Libie "would disrespect [Plaintiff], talk down to [Plaintiff], and would tell other stores about [Plaintiff, thereby] ruining [Plaintiff's] character." *Id.*

While working at the second store, Plaintiff witnessed a manager discriminate against a young Black man and told Libie and Evans about the incident. Instead of resolving the situation, Defendants retaliated against Plaintiff. For example, she was accused of stealing and was not helped by her manager during rush hours.

As a result of the stress from her job, Plaintiff began experiencing "sharp pains up [her] left arm like [she] was going to have a heart attack." *Id.* at 3. She called Evans to inform him about how she was being treated and about her medical issues. Evans sent Amy to speak to Plaintiff, but they ultimately reached no resolution. Plaintiff was then moved to a third store, but Libie told the manager of that store not to give Plaintiff keys and to keep her on as a cashier. Amy visited that store often to check money in the register and lottery sales but did not train Plaintiff.

In February 2022, Plaintiff was hurt in a slip and fall incident at the third store and suffered a concussion, but she "still [went] to work faithfully [and had] good attendance." *Id.* At some point, Amy came in the store and told Plaintiff she would need to do a lot of cleaning. Plaintiff agreed to clean but also told Amy she needed to "take it easy" due to pain from her injury. *Id.* at 4. Amy told Plaintiff she was required to provide a doctor's note even though Plaintiff had already provided a doctor's note to her manager at the first store. Amy argued with Plaintiff, "jumped in [her] face," and forced Plaintiff to leave to get another doctor's note before she would be permitted to return to work. *Id.* By the next day, Plaintiff sent Amy the doctor's note to her phone. Plaintiff did not hear from Amy for several days, so she planned to go back to work as scheduled, but then Amy called Plaintiff and fired her over the phone. Plaintiff was

fired even though she had good attendance, had no disciplinary reports for bad behavior, was well liked by customers and coworkers, and had received a $100 bonus for good performance.

After being fired by Amy, Plaintiff got another job as a retail merchandiser at IWIS International, but Amy went to the IWIS manager and told the manager to remove Plaintiff and Plaintiff's sister from the premises. Plaintiff was "so embarrassed" and did not understand why Amy was doing this because she thought she had left Quad Cities Retail on good terms after being fired over the phone. *Id.* at 5. Plaintiff now "think[s] [Defendants are] saying bad things about [her] when other employers call because now [she is] not getting a lot of job [opportunities] like [she] use[d] to." *Id.* at 6.

Plaintiff filed a *pro se* complaint against 7-Eleven on June 2, 2021, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–e-17. *See* Compl., ECF No. 1. The Court determined that 7-Eleven was not the correct defendant for Plaintiff's Title VII claim "because 7-Eleven was not Plaintiff's employer" and granted Plaintiff leave to amend her complaint to name the correct party as Defendant. *Teague v. 7-Eleven, Inc.*, No. 4:21-cv-04097-SLD-JEH, 2023 WL 4426017, at *6 (C.D. Ill. July 10, 2023).

Plaintiff filed her amended complaint on July 18, 2023, naming Quad Cities Retail, Evans, Libie, and Amy as Defendants. *See* Am. Compl., ECF No. 30. Because Plaintiff is proceeding *in forma pauperis*, *see* Nov. 9, 2021 Order 1, ECF No. 6, the Court conducted a merit review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Teague v. Quad Cities Retail*, No. 4:21-cv-04097-SLD-JEH, 2023 WL 5051272, at *1 (C.D. Ill. Aug. 8, 2023). The Court dismissed the amended complaint because it "[did] not provide fair notice to each Defendant of the claim or claims brought against him or her" and again granted Plaintiff leave to amend her complaint. *Id.* at *2. Plaintiff filed her Second Amended Complaint on August 10, 2023, and Exhibits, ECF No. 33, on August 14, 2023, which the Court construes as a timely

3

amendment to the Second Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: 21 days after serving it . . . ."). Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on November 10, 2023, and Plaintiff responded on November 27, 2023, *see* ECF No. 42.

## DISCUSSION

I.    **Legal Standard**

A motion to dismiss under Rule 12(b)(1) asserts that the court lacks subject-matter jurisdiction, which is "the court's authority to hear a given type of case," *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quotation marks omitted).  "If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim," though, "the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint's allegations and provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[D]etailed factual allegations are unnecessary," *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016), but the complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When deciding on a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences from those factual allegations in favor of the nonmoving party. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).  "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are not entitled to [the] presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th

4

Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Litigants proceeding *pro se* "are not held to the stringent standards expected of pleadings drafted by lawyers," *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), meaning that a court must "construe *pro se* complaints liberally," *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). But a *pro se* litigant must still meet the minimal pleading requirements. *Narvaez v. Wilmers*, No. 14-cv-10388, 2015 WL 1396477, at *2 (N.D. Ill. Mar. 24, 2015) ("[N]othing excuses a *pro se* litigant from the requirement that a complaint give the defendant fair notice of the claim and the factual allegations on which it rests.").

II. **Analysis**

Defendants move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court does not have jurisdiction over this suit. Mot. Dismiss 1–4. Defendants essentially argue that dismissal is appropriate because (1) it is unclear what claims Plaintiff is bringing, and (2) the Court lacks subject-matter jurisdiction over Plaintiff's claims. *Id.* Defendants protest that Plaintiff has not identified "the specific section of the Constitution, law, or treaty of the United States [that] form[s] the basis of her allegations" and that this omission "poses a substantive challenge to the establishment of" subject-matter jurisdiction. *Id.* at 4. Assuming Plaintiff is bringing federal employment discrimination claims, as Plaintiff alleged in her original complaint, *see* Compl. 1–5, Defendants argue that the Court

lacks subject-matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies. *See* Mot. Dismiss 3 ("Plaintiff failed to exhaust her administrative remedies which are procedural prerequisites necessary for her to file her Title VII claims with this Court, and as such, this Court does not have subject-matter jurisdiction of this matter, and dismissal of the Plaintiff's Second Amended Complaint is appropriate.").

      Defendants are correct that Plaintiff does not identify the legal basis for her claims or the Court's jurisdiction—but she is not required to do so at this stage. "The plaintiff is not required to plead . . . legal theories or cases or statutes . . . [and] doesn't have to specify the statute or common law principle that the defendant has violated . . . ." *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). The Court construes the Second Amended Complaint liberally, as it must, *see Donald*, 95 F.3d at 555, and here, Plaintiff is alleging that Defendants (1) retaliated against her for reporting discrimination she witnessed against a Black man, (2) treated her unfairly after she sustained an injury during a slip and fall incident at work, (3) retaliated against her when she asked for medical accommodations, and (4) terminated her when she was off from work seeking a doctor's note at Amy's request. These are claims that could be brought in federal court under Title VII and/or under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–17.

      Both Title VII and the ADA have a procedural prerequisite: Before filing a lawsuit, an employee must first file a timely administrative charge with the United States Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue notice. *See* 42 U.S.C. § 2000e-5 (explaining the administrative charge requirements for Title VII); *id.* § 12117(a) (incorporating § 2000e-5 into the ADA); *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n.3 (7th Cir. 1993) ("In order to maintain a claim under Title VII, a plaintiff must file

6

charges with the EEOC, receive a Right–To–Sue Letter, and act upon it."); *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 849 n.3 (7th Cir. 2019) ("The ADA incorporates by reference the enforcement provisions of Title VII."). Defendants argue Plaintiff has failed to fulfill this administrative requirement and therefore this Court cannot adjudicate Plaintiff's claims. Mot. Dismiss 3.

Defendants' contention that the Court lacks subject-matter jurisdiction is fundamentally flawed. "Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion." *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").

Defendants' 12(b)(1) motion is essentially "an indirect attack on the merits of the plaintiff's claim," *Peckmann*, 966 F.2d at 297, so the Court will accordingly "treat [Defendants' motion] substantively as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim," *Brand v. Toennies*, No. 23-1723, 2024 WL 175948, at *1 (7th Cir. Jan. 17, 2024); *see also Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 797 (N.D. Ill. 2011) ("Failure to file the proper EEOC charge is properly raised in a motion to dismiss for failure to state a claim, not as a motion to dismiss for lack of subject matter jurisdiction." (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)).

Even when framed as a 12(b)(6) motion, Defendants' arguments do not justify dismissal of the Second Amended Complaint. Defendants assert that, even though Plaintiff alleged in her original complaint that she filed a charge with the EEOC regarding her employment

discrimination allegations, "Plaintiff failed to attach the requisite EEOC charge and Notice of Right to Sue." Mot. Dismiss 1. But a plaintiff "need not anticipate or attempt to plead around potential defenses," *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 482 (7th Cir. 2019), and a court should only dismiss the case on the basis of an affirmative defense if "the complaint sets forth everything necessary to satisfy the affirmative defense," *Snider v. Heartland Beef, Inc.*, 479 F. Supp. 3d 762, 769 n.5 (C.D. Ill. 2020) (alterations and quotation marks omitted); *cf. Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (noting that dismissal based on an affirmative defense is only appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" (quotation marks omitted)). Neither the original complaint nor the Second Amended Complaint contain allegations showing that Plaintiff failed to timely file an EEOC charge, so dismissal for failure to state a claim on that basis is inappropriate.

Moreover, Defendants' administrative exhaustion argument is based on an affidavit from Evans in which he swears he has no knowledge of any EEOC charge having been filed by Plaintiff against him or his fellow Defendants. Aff. Greg Evans ¶ 5, Mot. Dismiss Ex. 1, ECF No. 40-1. The Court could convert Defendants' motion to dismiss into a motion for summary judgment based on the presentation of outside evidence, *see* Fed. R. Civ. P. 12(d), but Evans's affidavit cannot conclusively establish whether an EEOC charge was or was not in fact filed. Accordingly, at this stage in the litigation, the Court declines to convert this motion or consider Evans's affidavit. *See, e.g.*, *Browning v. Flexsteel Indus., Inc.*, 959 F. Supp. 2d 1134, 1143 (N.D. Ind. 2013) ("When extraneous materials are presented, it is within the Court's discretion to either exclude the materials and handle the case as a straightforward motion to dismiss, or to consider the materials and convert to summary judgment.").

8

The Court finds that Plaintiff has sufficiently alleged federal-question jurisdiction because she alleges claims that could be brought under Title VII and/or the ADA and that Plaintiff has not "affirmatively plead[ed] h[er]self out of court," *Chi. Bldg. Design*, 770 F.3d at 614, so the Court declines to dismiss based on the affirmative defense of administrative exhaustion.

## CONCLUSION

For the foregoing reasons, Defendants Quad Cities Retail, Greg Evans, Libie, and Amy's Motion to Dismiss the Second Amended Complaint, ECF No. 40, is DENIED. Defendants' answer is due within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A).

Entered this 31st day of May, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
