UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TASHIMIA C. TEAGUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04097-RLH |
| | ) |
| QUAD CITIES RETAIL, GREG EVANS, | ) |
| LIBIE, and AMY, | ) |
| | ) |
| Defendants. | ) |

## ORDER & OPINION

Before the Court is Defendants Quad Cities Retail, Greg Evans, Libie, and Amy's (doc. 53) Motion for Summary Judgment Pursuant to Rule 56 and Local Rule 7.1(D) and (doc. 57) Motion to Supplement, and pro se Plaintiff Tashimia C. Teague's (doc. 55) Motion to Compel and (doc. 58) Motion for Clarification. For the following reasons, the motions for summary judgment and to supplement are GRANTED, and the motions to compel and for clarification are DENIED.

### BACKGROUND

Despite being provided with a notice from the Court advising her of the consequences for failing to respond to Defendants Quad Cities Retail, Greg Evans, Libie, and Amy's (collectively "Defendants") motion for summary judgment (doc. 54), pro se Plaintiff Tashimia C. Teague has failed to respond to Defendants' motion for summary judgment; instead, Plaintiff filled a motion to compel discovery. (Doc. 55). As a result, and because the deadline for her to do so under the Local Rule has now passed, Plaintiff has failed to submit any evidence with which to create a genuine

issue of material fact sufficient to defeat Defendants' motion for summary judgment. *See* Local Rule 7.1(D)(2)(b)(6) ("A failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact."). Therefore, Plaintiff has admitted all relevant facts that show that Defendants are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010) ("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well." (citations omitted)).

Despite Plaintiff's failure to respond, the Court recognizes that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, No. 11-CV-609-JPS, 2013 WL 518966, at *1 (E.D. Wis. Feb. 12, 2013) (citing Fed. R. Civ. Pro. 56(e) advisory committee's note to 2010 amendment). Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor. The Court finds that no such disputed fact exists, and that Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990) (holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment).

With that in mind, the undisputed facts demonstrate the following. This case arises from employment-related claims brought by Plaintiff against Defendants associated with her prior employment at retail convenience stores operating under the 7-Eleven franchise name.[1] (Doc. 53-1 at 2). Prior to the filing of Plaintiff's original complaint, on or about April 26, 2021, Plaintiff submitted charges of discrimination to both the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), naming 7-Eleven as the respondent. (Doc. 53-1 at 2). The IDHR received those charges on May 5, 2021. (Doc. 53-1 at 2). Plaintiff subsequently received a Notice of Right to Sue from the EEOC related to the charges against 7-Eleven. (Doc. 53-1 at 2).

Plaintiff's Second Amended Complaint alleges that Defendants retaliated against her for reporting discrimination against a black male coworker, treated her unfairly after she sustained a work-related injury, retaliated against her when she asked for medical accommodations, and terminated her when she was off from work to seek a doctor's note for her injury. (Doc. 32); (Doc. 53-1 at 1–2). Following the

---

[1] Plaintiff originally filed a pro se complaint against 7-Eleven on June 2, 2021, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–e-17. (Doc. 1). The Court determined that 7-Eleven was not the correct defendant for Plaintiff's Title VII claim "because 7-Eleven was not Plaintiff's employer" and granted Plaintiff leave to amend her complaint to name the correct party as Defendant. *Teague v. 7-Eleven, Inc.*, No. 4:21-cv-04097-SLD-JEH, 2023 WL 4426017, at *6 (C.D. Ill. July 10, 2023). Plaintiff filed her amended complaint on July 18, 2023, naming Quad Cities Retail, Evans, Libie, and Amy as Defendants. (Doc. 30). The Court dismissed the amended complaint because it "[did] not provide fair notice to each Defendant of the claim or claims brought against him or her" and again granted Plaintiff leave to amend her complaint. *Teague v. Quad Cities Retail*, No. 4:21-cv-04097-SLD-JEH, 2023 WL 5051272, at *2 (C.D. Ill. Aug. 8, 2023). Plaintiff filed her Second Amended Complaint on August 10, 2023, and Exhibits on August 14, 2023, which the Court construed as a timely amendment to the Second Amended Complaint. *Teague v. Quad Cities Retail*, No. 4:21-CV-04097-SLD-JEH, 2024 WL 2805625, at *2 (C.D. Ill. May 31, 2024). Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on November 10, 2023, which the Court subsequently denied. *Id.* at *5.

3

dismissal of her claims against 7-Eleven, Plaintiff filed additional discrimination charges with the EEOC and IDHR naming her actual employer, Quad Cities Retail Group, as well as individuals Greg Evans, "Libie Unknown," and "Amy Unknown." (Doc. 53-1 at 3). However, Plaintiff has never received a Notice of Right to Sue from the EEOC or IDHR as to those newly named parties, nor did she attach those administrative exhaustion requirements to her Second Amended Complaint. (Doc. 53-1 at 3).

Defendants now move for summary judgment, asserting that Plaintiff failed to exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Doc. 53). Specifically, Defendants contend that although Plaintiff filed charges with the EEOC and IDHR against 7-Eleven and received a Notice of Right to Sue with respect to that entity, she never obtained a Notice of Right to Sue as to any of the currently named Defendants. (Doc. 53-1 at 3–6). Based on this procedural deficiency, Defendants seek dismissal of the Second Amended Complaint in its entirety. (Doc. 53-1 at 6). Additionally, Plaintiff has filed a motion seeking to compel discovery responses from Defendants, and Defendants have responded to said motion. (Docs. 55, 56).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.' " *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant bears the burden of demonstrating that such a genuine issue of material fact exists." *Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 482 (7th Cir. 2018). "The parties must support their assertions that a fact cannot be or is genuinely disputed by citing to 'particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . .' " *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018) (quoting Fed. R. Civ. P. 56(c)(1)(A)).

However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. . . . [I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248. The entry of summary judgment is required "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The record is viewed in the light

most favorable to the nonmovant, and the Court draws all reasonable inferences in favor of that party. *See Anderson*, 477 U.S. at 255.

Where the movant has properly moved for summary judgment, the nonmovant must "respond . . . by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). The nonmovant "waives any arguments that were not raised in its response to the moving party's motion for summary judgment," *Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014), and should the nonmovant fail to respond to any fact listed by the movant, this "will be deemed an admission of the fact." Civil LR 7.1(D)(2)(b)(6).

## DISCUSSION

Because Defendants' motion for summary judgment relied, in part, on "Exhibit 4, Plaintiff's Charge of Discrimination," which was not appended to its filing, (doc. 53-1 at 2), on August 7, 2025, the Court directed the parties to "supplement their dispositive motion and response, with a copy of Plaintiff's EEOC charge(s) and right-to-sue letter(s)." (Text Order dated August 7, 2025). Accordingly, Defendant's (doc. 57) Motion to Supplement is GRANTED. The Court will now turn to the merits of Defendants' motion for summary judgment.

## I. Plaintiff Has Not Exhausted Her Administrative Remedies

Defendants argue that summary judgment is proper because Plaintiff has not exhausted her administrative remedies against the Defendants named in the Second Amended Complaint. (Doc. 53-1 at 3). Upon review, the Court agrees.

6

The statutes under which Plaintiff sues—the ADA and Title VII—require some form of administrative exhaustion. A plaintiff may not bring suit under Title VII or the ADA without first receiving a right-to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a) (incorporating § 2000e-5 into the ADA). *See also E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n.3 (7th Cir. 1993) ("In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right–To–Sue Letter, and act upon it."). Plaintiff filed a "Charge of Discrimination" both with the EEOC and the IDHR, naming 7-Eleven as the respondent, and Defendants do not dispute this. (Doc. 53-1 at 3). It is not enough, however, that Plaintiff filed some sort of charge with the EEOC within the operative time period. Plaintiff "must have received a right to sue letter from the EEOC and acted upon it." *Movement for Opportunity & Equal. v. Gen. Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980).

"Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). However, there is an exception. Under the law of this circuit, if "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," the purpose of the named-party requirement has been accomplished, and "the charge is sufficient to confer jurisdiction over that party." *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981). Critically, "the fact that one entity had notice of the charges against it is insufficient to satisfy the *Eggleston* exception as to a related entity that

7

did not have notice of a charge against it or an opportunity to conciliate that charge." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013). Therefore, a plaintiff must show both that the unnamed defendant had notice of the charge and that it had the opportunity to conciliate that charge. *Id.*

In this case, it is undisputed that "Plaintiff testified in deposition that she had received a Right to Sue Letter against 7-Eleven." (Doc. 57 at 2). However, Defendant Quad Cities Retail—which operates under the 7-Eleven franchise name—did not have notice of a charge against it. There is no genuine dispute of material fact that Plaintiff failed to obtain a right-to-sue letter from the EEOC or the IDHR against Quad Cities Retail Group, Greg Evans, Libie Unknown, or Amy Unknown—the named defendants in her Second Amended Complaint. (Doc. 32); (Doc. 18-1) (IDHR Investigation Report and Notice of Dismissal for Lack of Jurisdiction). In fact, Plaintiff testified that she never received a right to sue letter against Quad Cities Retail Group, LLC. (Doc. 53-4).

Although pro se parties are afforded great latitude in pleadings, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), they nevertheless must meet certain requirements, as noted above. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is [ ] well established that pro se litigants are not excused from compliance with procedural rules."). They must at least, in a timely manner, identify the parties they wish to sue, and in discrimination cases, must include those parties in the prerequisite agency filings. Failure to do so precludes any further action against those parties and mandates dismissal of the complaint against them.

8

*Williams v. Papa John's Int'l, Inc.*, No. 17-CV-2326, 2019 WL 13292940, at *5 (C.D. Ill. Feb. 13, 2019).

While courts liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks, *Eggleston*, 657 F.2d at 905, "a blanket rule that the use of a trade name is always sufficient even when there is no other indication anywhere in the charge that the company violated Title VII" would exceed the scope of the *Eggleston* exception and the limits of the statutes intended purpose. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014). As discussed above, there can be no dispute that Plaintiff's Charge "names" only 7-Eleven as the respondent. (Doc. 53-1 at 2). She made no mention in the charge of Quad Cities Retail's name or address, or of any conduct by Quad Cities Retail employees. (Doc. 57-1). Because there is no evidence that Quad Cities Retail had actual notice of Plaintiff's Charge, or of the EEOC proceedings in general, there is simply no basis whatsoever for concluding that Quad Cities Retail had notice of the claims against it or the opportunity to conciliate prior to the commencement of the lawsuit.

Accordingly, Plaintiff cannot avail herself of the *Eggleston* exception to the named-party requirement because she fails to satisfy the notice element, and the Court thus concludes that she has failed to exhaust her administrative remedies against Quad Cities Retail, and as to all named defendants in her Second Amended Complaint. Summary judgment is therefore granted in favor of Defendants on all claims.

## II. Remaining Motions

On June 24, 2025, Plaintiff filed (doc. 55) Motion to Compel. In her filing, Plaintiff states that she served Defendants with interrogatories and a request for production of documents on May 20, 2025. (Doc. 55 at 3–4). The deadline for the close of discovery, however, was May 16, 2025. (Text Order dated July 2, 2024). Because Plaintiff served Defendants with discovery requests after the close of discovery, Federal Rules of Civil Procedure 16 controls. *See Pearle Vision, Inc.*, 541 F.3d at 758 ("[I]t is [ ] well established that pro se litigants are not excused from compliance with procedural rules.").

Rule 16(b)(4) allows for a scheduling order to be modified "only for good cause and with the judge's consent." "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment [of the scheduling order]." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("[T]he factor on which courts are most likely to focus when making this [good-cause] determination is the relative diligence of the [party seeking] the change." (quoting 3 Moore's Federal Practice § 16.14[1] [b], at 16–72 (Matthew Bender 3d ed. 2010)). Here, Plaintiff has failed to offer good, or any, cause for her late discovery requests. Therefore, the Court finds that good cause does not exist for extending the discovery deadline. As such, the discovery request is beyond the scope of this Court to enforce and may go un-responded to. Accordingly, the (doc. 55) Motion to Compel is DENIED.

Finally, Plaintiff requests that the Court clarifies its August 7, 2025, Text Order, which "sua sponte [granted] the parties fourteen (14) days from the entry of"

10

the Text Order "to supplement their dispositive motion and response, with a copy of Plaintiff's EEOC charge(s) and right-to-sue letter(s)." (Doc. 58). The August 7, 2025, Text Order is self-explanatory. Accordingly, Plaintiff's (doc. 58) Motion for Clarification is DENIED.

## Conclusion

IT IS THEREFORE ORDERED that Defendants' (doc. 53) Motion for Summary Judgment and (doc. 57) Motion to Supplement are GRANTED. Plaintiff's (doc. 55) Motion to Compel and (doc. 58) Motion for Clarification are DENIED. The Clerk is directed to enter judgment and close the case.

SO ORDERED.

Entered this 10th day of September 2025.

        s/Ronald L. Hanna
        Ronald L. Hanna
        United States Magistrate Judge